### Ex Parte Emmett Davis.

No. 3583.    Decided June 19, 1907.

**Theft of Horse—Habeas Corpus—Kidnapping.**

A party accused of the theft of a horse who fled to the State of Louisiana, and according to his statement was kidnapped by the officer and brought back to Texas for trial could not avail himself of the writ of habeas corpus in order to procure his enlargement and discharge.

Appeal from the District Court of Panola. Tried below before the Hon. Richard B. Levy.

Appeal from an order remanding relator to the custody of the sheriff on a charge of horse theft, in a habeas corpus proceeding in which relator claimed that he was kidnapped by the officer and illegally restrained of his liberty.

*H. W. Nelson,* for appellant.—United States v. Rauscher, 119 U. S., 407; I Am. & Eng. Enc. of Law, p. 653; 7 Am. & Eng. Enc. of Law, 652; Ker v. Illinois, 119 U. S., 436.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from a habeas corpus proceeding tried before the district judge of the Fourth Judicial District, in which he remanded the prisoner to custody. A statement of the case shows that appellant was charged with the theft of a mule in Panola County; that on a telegram or information of some kind the officers at Shreveport, Louisiana, arrested appellant, and placed him in custody; that the sheriff of Panola County went to Shreveport, La., and according to appellant's theory, without his consent, and over his protest, the sheriff of Panola County took him out of jail, put handcuffs on him, and brought him into Texas. According to the State's theory, when the sheriff went to Shreveport, appellant willingly consented to come back to Texas with him, preferring to come voluntarily, as he said he could make bond in Texas, while he could not make a bond at Shreveport, and that he did not desire any extradition papers. If it be conceded that appellant's theory is correct, as his testimony would indicate, and that he was kidnapped and brought back to Texas for trial, could he avail himself of the writ of habeas corpus in order to procure his enlargement and discharge? We answer, no, although the officer may have invaded the sovereignty of another State, and have committed a crime in abducting the prisoner, still when he was brought into this State before a tribunal which had jurisdiction of the offense charged against him, he could not set up in bar of the prosecution the fact that he was kidnapped and brought back to Texas to answer to the offense. See Brookin v. State, 26 Texas Crim. App., 121; Ker v. People, 110 Ill., 627, and 51 Am. Rep., 706. "A court trying a person for a crime committed within its jurisdiction will not investigate the manner of his capture in case he has fled to a foreign country, and has been brought back into the jurisdiction of the court, although his capture has been plainly without authority of law, that the accused is in court is sufficient to require him to answer the indictment against him." See 13 Am. & Eng. Ency. of Law, p. 598. The doctrine announced above renders unnecessary a discussion of the view which arises from the testimony on the part of the respondent. Of course, if appellant came back voluntarily into the State with the sheriff, he could not escape the jurisdiction of the court to which his own voluntary action had subjected him.

The judgment is affirmed. *Affirmed.*